# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Purnie Ray Peterson, Matthew R. Jaakola, Kristin M. Jaakola, Charles Jaakola, Hamilton E. Girard, Lori J. Girard, Bradley Verne Nelson, James P. Gillach, Debra K. Gillach, Riley L. Svihel, Harold J. Hansen, Cynthia L. Meissner, Michael Meissner, True Xiong Yang, Cha Tou Yang, Jason Appel, Cindy Welch, William Fortner, Sergey P. Krachenets, Laurie M. Lundeen, Michael P. Boie, Dina M. Boie, Michael W. Cross, Debbie K. Rolfing, Paula T. Viehman, Scott A. Jacobsen, Julie A. Jacobsen, Kenneth F. Northwick, Felicia Northwick, Cynthia J. DuBe, Robert M. DuBe, Simeon Wiechmann, Christine Wiechmann, Scott D. Cole, and Stephanie C. Cole, | Civil No. 11-2385 (SRN/JJG) |
| Plaintiffs, | |
| v. | **AMENDED MEMORANDUM OPINION AND ORDER** |
| Citimortgage, Inc., Mortgage Electronic Registration Systems, Inc., Merscorp, Inc., EverBank, EverHome Mortgage Company, John Wedel, Wedel Home Services, Inc., Federal Home Loan Mortgage Corporation, Federal National Mortgage Association, and Usset, Weingarden and Liebo, P.L.L.P., | |
| Defendants. | |

---

William B. Butler, Butler Liberty Law, LLC, 33 South Sixth St., Suite 4100, Minneapolis, Minnesota 55402; for Plaintiffs.

John L. Krenn and Kelly W. Hoversten, Gray Plan t Mooty Mooty & Bennett, PA, 80 South Eighth St., Suite 500, Minneapolis, MN 55402; and Lucia Nale, Maritoni D. Kane, and Thomas V. Panoff, Mayer Brown LLP, 71 South Wacker Dr., Chicago, IL 60606, for Defendants Citimortgage, Inc., Federal Home Loan Mortgage Corporation, and Federal National Mortgage Association.

Brent R. Lindahl, Leaf Dilts McGregor, Andre T. Hanson, and Robert J. Pratte, Fulbright & Jaworski L.L.P, 80 South Eighth St., Suite 2100, Minneapolis, MN 55402; and Sonya R. Braunschweig, DLA Piper LLP (US), 80 South Eighth St., Suite 2800, Minneapolis, MN 55402, for Defendants Mortgage Electronic Registration Systems, Inc. and Merscorp, Inc.

Aimee D. Dayhoff, Winthrop & Weinstine, PA, 225 South Sixth St., Suite 3500, Minneapolis, MN 55402; and Justin D. Balser and Victoria E. Edwards, Adkerman Senterfitt LLP, 1400 Wewatta St., Suite 500, Denver, CO 80202, for Defendants EverBank and EverHome Mortgage Company.

John R. Wheeler, Wheeler Law Office, 1102 Grand Ave., St. Paul, MN 55105, for Defendants John Wedel and Wedel Home Services, Inc.

Matthew H. Jones and Christopher T. Kalla, Usset, Weingarden & Liebo, PLLP, 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416, for Defendant Usset, Weingarden & Liebo, PLLP.

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Motions to Dismiss filed by all Defendants [Doc. Nos. 19 & 21] and a Motion to Remand filed by Plaintiffs [Doc. No. 26]. For the reasons stated below, the Court grants the Motions to Dismiss, denies the Motion to Remand, and dismisses the Complaint [Docket No. 1-1] with prejudice.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The 35 Plaintiffs[1] here were originally plaintiffs in two different lawsuits, Jaakola

---

[1] There are 36 Plaintiffs in the Complaint, but one of those Plaintiffs, Jean M.
(continued...)

v. CitiMortgage, Inc., No. 11-cv-1271 (DWF/TNL), and Lundeen v. CitiMortgage, Inc., No. 11-cv-1604 (PAM/FLN). Plaintiffs voluntarily dismissed both of those actions shortly after Judge Frank issued his decision dismissing a similar case, Butler v. Bank of America, N.A., Civ. No. 11-461, 2011 WL 2728321 (D. Minn. July 13, 2011). Plaintiffs then immediately re-filed the two cases as a single case in state court, and Defendants once again removed the case to this Court.

Plaintiffs are parties to 24 different mortgage loans on their respective residences,[2] all of which are located in Minnesota. Four of the mortgages are with Defendant CitiMortgage, Inc.; all but two of the mortgages are in whole or in part through Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). None of the 24 mortgages was taken through Defendant EverHome Mortgage Company, and there are no specific allegations in the Complaint regarding this Defendant's alleged involvement in the mortgages at issue.

In addition to the bank Defendants (CitiMortgage, Inc., MERS, Merscorp, Inc., EverBank, EverHome Mortgage Company, Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Federal National Mortgage Association ("Fannie Mae")), the

---

[1](...continued)
Jaakola, is not on the docket in this Court. The Complaint alleges that Mrs. Jaakola is married to Plaintiff Charles Jaakola and that the mortgage on their residence is a joint mortgage. (Compl. ¶ 3.) There is no explanation for the failure to include Jean Jaakola as a party here.

[2] One Plaintiff, Laurie Lundeen, raises claims arising out of mortgages on two different properties. (Compl. ¶¶ 15, 18.)

Complaint is brought against an individual named John Wedel, his company Wedel Home Services, Inc. (collectively, "Wedel"), and the law firm of Usset, Weingarden and Liebo, P.L.L.P.  According to the Complaint, Wedel "claims an interest in" one of the properties owned by Plaintiff Laurie Lundeen "through redemption of an invalid mortgage."  (Id. ¶ 73.)  The allegations regarding the law firm are that it "falsely represented that its principal was entitled to foreclose" on Plaintiffs' properties.  (Id. ¶ 84.)

Plaintiffs have defaulted on their mortgage obligations and Defendants (with the previously noted exception of EverHome Mortgage Company) have instituted foreclosure proceedings against the respective properties.  The Complaint alleges that the bank Defendants "falsely claim[] a mortgagee's interest" in each of the properties at issue, but "[b]ecause Defendant has no right, title or interest in [the] Original Note, Defendant cannot exercise rights in the security instrument securing payments in the Original Note."  (E.g., id. ¶ 80.)  The Complaint also contends that the bank Defendants securitized the notes and sold the securities to investors, "irrevocably separat[ing] the 'value' of the Original Notes from the actual, physical Original Notes" and depriving the banks of the right to foreclose on those notes.  (Id. ¶¶ 50, 53-54.)

The Complaint contains 21 counts [Doc. Nos. 1-1, 1-2].  Counts I and II contend that the bank Defendants "Are Not Holders of the Original Notes" and "Are Not Holders in Due Course of the Original Notes."  (Id. ¶¶ 86-96.)  Count III contends that the bank Defendants "Are Not Real Parties in Interest," and Count IV contends that they "Do Not Have Legal Standing to Foreclose Mortgages."  (Id. at 11-12.)  Count V is a "Demand to

4

Exhibit the Original Note," and Count VI contends that the "Mortgage Not Properly Perfected."[3]  (Id. at 12-13.)  Count VII claims slander of title, Count VIII claims conversion, Count IX claims unjust enrichment, Count X claims a civil conspiracy, Count XI claims a breach of fiduciary duty, Count XII claims fraud, Count XIII claims negligent misrepresentation, Count XV claims equitable estoppel, and Count XVI claims a due process violation under the Minnesota Constitution.  (Id. ¶¶ 117-199.)  Count XVII claims "discharge of obligations" (id. ¶¶ 200-203), but as with Counts I through VI above, this is not a cause of action in Minnesota and therefore will be dismissed without further discussion.  Count XVIII attempts private enforcement of Minn. Stat. §§ 357.18, 508.82, and 508A.82 through Minnesota's private attorney general statute, Minn. Stat. § 8.31, subd. 3a.  (Id. ¶¶ 204-11.)  Count XIX seeks an accounting.  (Id. ¶¶ 212-15.)  All of the above-listed Counts are brought against the bank Defendants.

Many of these causes of action are also brought against Usset, Weingarden and Liebo, P.L.L.P., the law firm that allegedly effectuated some of the illegal foreclosures, but only one Count is asserted against Usset, Weingarden and Liebo alone.  Count XIV claims the law firm committed fraud by "conduct[ing] false and fraudulent non-judicial foreclosures" because the firm did not verify "that the mortgage assignee was the actual

---

[3]  None of these first six Counts raises a claim under Minnesota law.  See Pope v. Wells Fargo Bank, N.A., Civ. No. 11-2496, slip op. at 3 n.1 (D. Minn. May 23, 2012) (Nelson, J.); see also Murphy v. Aurora Loan Servs., LLC., Civ. No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012) (Montgomery, J.) (noting that claims that defendants are not real parties in interest and that they do not have legal standing to foreclose "are not causes of action in Minnesota").  The Court will therefore dismiss these six claims without further discussion.

owner of Plaintiffs' debt and/or the holder of Plaintiffs' Original Note." (Id. ¶¶ 183-84.) The Complaint alleges that Usset, Weingarden and Liebo participated in the allegedly illegal foreclosures of nine mortgages, but contains no allegation that the law firm had anything to do with the remaining 13 mortgages at issue in this case.

The final two Counts in the Complaint contend that the Wedel Defendants committed trespass (Count XX) and "wrongful invasion of property interest" (Count XXI). According to the Complaint, Defendant John Wedel "unlawfully and without consent entered Plaintiff Lundeen's [] property" and "put [her] out of her home in a forcible manner by removing her personal property." (Id. ¶¶ 217, 222.)

The essence of the Complaint is Plaintiffs' claim that Defendants do not have valid title to the original notes for their mortgages and therefore cannot legally foreclose on their mortgages. Plaintiffs' theory has been rejected by every court to consider it, including both the Eighth Circuit Court of Appeals and the Minnesota Supreme Court. Plaintiffs' counsel has brought more than 30 similar lawsuits in this District, all alleging that defendant lending institutions had no right to foreclose on mortgages because those lenders purportedly do not hold the original notes. Every Judge in this District to have ruled on the merits of these cases has dismissed them. E.g., Olson v. Bank of Am., Civ. No. 11-3710 (D. Minn. Apr. 20, 2012) (Magnuson, J.); Dunbar v. Wells Fargo Bank, N.A., Civ. No. 11-3683, 2012 WL 1110161 (D. Minn. Apr. 3, 2012) (Doty, J.);[4] Welk v.

---

[4] Judge Doty's Order granting Defendants' motion for Rule 11 sanctions in Dunbar exhaustively catalogs all of the cases Mr. Butler has brought in this District under
(continued...)

6

GMAC Mortg., LLC, Civ. No. 11-2676, 2012 WL 1035433 (D. Minn. Mar. 29, 2012) (Schiltz, J.); Jerde v. JP Morgan Chase, Civ. No. 11-2666 (D. Minn. ) (Magnuson, J.) (Jan. 24, 2012); Murphy v. Aurora Loan Servs., LLC, Civ. No. 11-2750, 2012 WL 104543 (D. Minn. Jan. 12, 2012) (Montgomery, J.); Larsen v. Bank of Am., Civ. No. 11-1775, 2011 WL 6065426 (D. Minn. July 21, 2011) (Davis, C.J.); Butler v. Bank of America, N.A., Civ. No. 11-461, 2011 WL 2728321 (D. Minn. July 13, 2011) (Frank, J.).[5]

Not only does Plaintiffs' counsel persist in bringing claims that have been repeatedly rejected, but, as Judge Schiltz stated in Welk, he engages in "brazen delay tactics and judge-shopping by voluntarily dismissing actions only to turn around and refile them again immediately afterwards." Welk, 2012 WL 1035433, at *19. The instant lawsuit is but one example, albeit an especially egregious one. It is in large part because of tactics such as these that several Judges in this District have determined that sanctions are appropriate against Plaintiffs' counsel. See Welk, 2012 WL 1035433, at *23 (imposing $50,000 sanction against Mr. Butler for violation of Rule 11); Dunbar, Civ. No. 11-3683 (D. Minn. Apr. 23, 2012) (granting motion for sanctions in the amount of

---

[4](...continued)
the same flawed legal theory. See slip op. at 2 n.2, Dunbar, Civ. No. 11-3683 [Doc. No. 42] (D. Minn. Apr. 23, 2012). That list now includes the most recently filed case, which was assigned to the undersigned: Nelson v. Bank of New York Mellon, Civ. No. 12-1096 (filed May 3, 2012).

[5] Only one case has survived a Motion to Dismiss, but not on the merits of the Motion. In Mutua v. Deutsche Bank Nat'l Trust Co., Civ. No. 11-3761 (D. Minn. Apr. 20, 2012), Judge Schiltz denied the motion to dismiss as moot and granted a motion to remand in light of extreme and unexplained irregularities in the chain of title for one of the plaintiffs' properties.

defendants' fees and costs); Murphy, Civ. No. 11-2750 (D. Minn. May 14, 2012) (imposing another $50,000 sanction against Mr. Butler) (Keyes, M.J.).

## II.  DISCUSSION

The Court ordinarily would address a Motion to Remand before Motions to Dismiss because "a court cannot rule on the merits of a claim before first satisfying itself that it has jurisdiction over that claim." Welk, 2012 WL 1035433, at *3.  Here, however, the Motion to Remand requires a ruling on Defendants' contention that the non-diverse Defendants, Usset, Weingarden and Liebo, P.L.L.P, and the Wedel Defendants, were fraudulently joined, which in turn requires consideration of the merits of Plaintiffs' claims.  Id.  Thus, the Court must first determine whether any of Plaintiffs' claims have merit.

### A.  Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Plaintiff.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiff draws from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

**B.   The Claims**

Plaintiffs' argument is that Defendants do not own the notes for Plaintiffs' mortgages and thus cannot foreclose on those mortgages. But as every Judge in this District has held, there is no legal foundation for this argument. The Minnesota Supreme Court has explicitly found that "[Minnesota] case law establishes that a party can hold legal title to the security instrument without holding an interest in the promissory note." Jackson v. Mortg. Elec. Reg. Sys., Inc., 770 N.W.2d 487, 500 (Minn. 2009). Moreover, the Eighth Circuit considered and rejected the argument that one who does not hold the note cannot foreclose under Minnesota law: "the right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage." Stein v. Chase Home Finance, LLC, 662 F.3d 976, 980 (8th Cir. 2011). The legal holder of a mortgage is the holder of the mortgage itself; the holder of the note is the equitable holder of the mortgage. Thus, it is irrelevant whether Defendants can establish

9

that they hold the notes to Plaintiffs' mortgages; there is no dispute that Defendants hold the mortgage instruments and are therefore entitled to foreclose on Plaintiffs' properties. Plaintiffs' insistence to the contrary is without merit.

Similarly, Plaintiffs' claim that the securitization of the notes somehow makes the notes unenforceable has no legal merit. First, the basis of Plaintiffs' theory is simply incorrect: there is no provision in the notes they signed that prevents the sale of the notes to other entities, and there is nothing in the fact that the notes were securitized that would prevent their enforcement. Moreover, Plaintiffs were not parties to the pooling and servicing agreements by which their notes were pooled into mortgage-backed securities. They therefore do not have standing to challenge those agreements. Greene v. Home Loan Servs., Inc., Civ. No. 09-719, 2010 WL 3749243, at *4 (D. Minn. Sept. 21, 2010) (Frank, J.).

Absent some legal support for the idea that Defendants are not entitled to foreclose on their mortgages because they do not hold the original notes, Plaintiffs' claims for slander of title, conversion, unjust enrichment, civil conspiracy, breach of fiduciary duty, fraud, negligent misrepresentation, equitable estoppel, due process, and for an accounting must be dismissed.

Count XVIII purports to raise a qui-tam action, contending that Minn. Stat. §§ 357.18, 508.82, and 508A.82 require the payment of fees for the recording of transfers of mortgage loans and that, by allegedly failing to "execute assignments of the Mortgage and . . . not record[ing] the transfers of the mortgage loans, Minnesota counties and

Minnesota citizens were deprived of thousands of dollars of recording fees due" under these statutes. Plaintiffs seek to enforce the statutes through Minnesota's private attorney general statute, Minn. Stat. § 8.31, subd. 3a.

The private attorney general statute does not, however, apply to any of the statutory provisions Plaintiffs are attempting to enforce. The private attorney general statute allows a person "injured by a violation of any of the laws referred to in subdivision 1" to "bring a civil action and recover damages . . . ." Minn. Stat. § 8.31, subd. 3a. The "laws referred to in subdivision 1" are:

> the Nonprofit Corporation Act (sections 317A.001 to 317A.909), the Act Against Unfair Discrimination and Competition (sections 325D.01 to 325D.07), the Unlawful Trade Practices Act (sections 325D.09 to 325D.16), the Antitrust Act (sections 325D.49 to 325D.66), section 325F.67 and other laws against false or fraudulent advertising, the antidiscrimination acts contained in section 325D.67, the act against monopolization of food products (section 325D.68), the act regulating telephone advertising services (section 325E.39), the Prevention of Consumer Fraud Act (sections 325F.68 to 325F.70), and chapter 53A regulating currency exchanges . . . .

Minn. Stat.§ 8.31, subd. 1. None of the statutes to which Plaintiffs' Complaint refers are mentioned in subdivision 1. Nor are these statutes laws "respecting unfair, discriminatory, or other unlawful practices in business, commerce, or trade." Rather, the statutes Plaintiffs attempt to enforce are statutes setting fees for the county recorder (§ 357.18) and the registrar of title (§§ 508.82, 508A.82). None of these statutes is enforceable under the private attorney general statute, and Count XVIII must be dismissed.

None of Plaintiffs' claims against the bank Defendants has any merit. Plaintiffs'

Complaint therefore fails to state a claim on which relief can be granted as against the bank Defendants.

**C.     Motion to Remand**

The Court cannot dismiss this case unless it has jurisdiction over the claims in the first instance.  Plaintiffs have moved to remand the action, contending that the Court lacks diversity jurisdiction because three of the Defendants, the law firm Usset, Weingarden and Liebo, John Wedel and Wedel Home Servicing Company, are Minnesota residents as are all Plaintiffs.  Defendants argue that the three resident Defendants were fraudulently joined so that the Court may dismiss the law firm from the action and exercise jurisdiction over the Complaint.  Although not included in their memorandum in support of the Motion to Remand, Plaintiffs argued at the hearing on the Motion that the doctrine of prior exclusive jurisdiction means that this Court lacks jurisdiction where, as here, the state court first assumed jurisdiction over the matter.

**1.     Prior Exclusive Jurisdiction**

"The prior exclusive jurisdiction doctrine holds that 'when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same <u>res</u>.'"  <u>Chapman v. Deutsche Bank Nat'l Trust Co.</u>, 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting <u>Marshall v. Marshall</u>, 547 U.S. 293, 311 (2006)).  Plaintiffs argue that because they originally filed this case in state court, this Court cannot also take jurisdiction over the properties involved in the state-court action.  This argument is without merit.  As Judge Doty recently noted, "even if the state were exercising ongoing

*in rem* jurisdiction in the present action, Congress expressly allows removal of actions where goods or an estate have come under the control of the state court." Dunbar, 2012 WL 1110161, at *4 (citing 28 U.S.C. § 1450).

Even more fatal to Plaintiffs' Motion, however, is the fact that Freddie Mac is a Defendant in this case. Congress has given Freddie Mac the unconditional right to remove to federal court any state-court action to which it is a party. 12 U.S.C. § 1452(f)(3). Plaintiffs' counsel knew about this statute before he filed his remand motion, yet persisted in filing the motion and then ignored the statute in his papers. Mr. Butler claimed at the hearing that there was "at least some ambiguity" in the statute (Tr. at 30) but did not elaborate on what he believed that ambiguity to be. It is difficult to conceive of statutory language that is less ambiguous than this section:

> any civil or other action, case or controversy in a court of a State . . . to which [Freddie Mac] is a party may at any time before the trial thereof be removed by [Freddie Mac] without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending.

Id. § 1452(f)(3). The statute also provides that any action against Freddie Mac "shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions." Id. § 1452(f)(2). Thus, even if subsection (f)(3) did not make this action removable (or was, as Mr. Butler argues, somehow "ambiguous"), the action was removable under this Court's original jurisdiction. Plaintiffs' Motion to Remand is without merit and must be denied.

    **2.**    **Fraudulent Joinder**

Even if Freddie Mac were not a party, however, it is clear that the law firm, at least, was fraudulently joined. Fraudulent joinder occurs when a plaintiff files "a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). Every Court in this District to have considered the situation presented here has concluded that "there is no reasonable basis in fact and law supporting a claim against the resident defendants." Id. at 810; see also Welk, 2012 WL 1035433, at *15 (finding that, because plaintiffs' "show-me-the-note theory . . . is completely frivolous . . . there exists 'no reasonable basis in fact and law' for plaintiffs to assert any claim premised on the show-me-the-note theory against" the non-diverse law firm).

Plaintiffs' claims against the law firm are that the law firm had a duty to ensure that its clients were actually entitled to foreclose on Plaintiffs' homes and that it misrepresented the legal standing of its clients to foreclose. But there is no basis in fact or law to infer any legal duty between the law firm and Plaintiffs here. Moreover, attorneys are generally immune from actions taken within the scope of the employment relationship unless those actions amount to "active steps" to conceal a fraud. L&H Airco, Inc. v. Rapistan Corp., 446 N.W.2d 372, 380 (Minn. 1989). No such active steps are alleged here, nor have Plaintiffs succeeded in pleading fraud in the first instance.

Finally, as discussed above, Plaintiffs' claims against the law firm fail because their claims against all Defendants fail. Defendants were entitled to foreclose and Usset, Weingarden and Liebo's actions taken in furtherance of the valid foreclosures were not

14

illegal or tortious. Thus, there is no reasonable basis supporting a claim against Usset, Weingarden and Liebo. The law firm's Motion to Dismiss must therefore be granted, and Usset, Weingarden and Liebo must be dismissed as fraudulently joined.

Similarly, Plaintiffs' claims against the Wedel Defendants fail to state a claim on which relief can be granted. John Wedel purchased Ms. Lundeen's Minnetonka property at a Sheriff's sale. The only basis for Plaintiffs' claims against him is that the foreclosure of the property was invalid, rendering the sale invalid. There are no allegations that the sale was invalid for reasons other than the allegedly invalid foreclosure. But as established above, the foreclosure was valid, and thus the sale was also valid. As Minnesota law provides, a sheriff's certificate of sale is "prima facie evidence of title in fee thereunder" after the expiration of the redemption period. Minn. Stat. § 580.19. There is no allegation in the Complaint that Ms. Lundeen attempted to redeem the property after the sheriff's sale. Thus, the sale gave Wedel title to the property and the allegations of trespass and wrongful invasion of property interest are not cognizable. The claims against the Wedel Defendants must be dismissed.

### D.     Conclusion

Plaintiffs' allegations do not state a claim on which relief may be granted. The Complaint will be dismissed with prejudice.

### III.    ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

15

**HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. Nos. 19 & 21] are **GRANTED**;

2. Plaintiffs' Motion to Remand [Doc. No. 23] is **DENIED**; and

3. The Complaint [Doc. Nos. 1-1, 1-2] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 30, 2012                                        s/Susan Richard Nelson
                                                            SUSAN RICHARD NELSON
                                                            United States District Judge